UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

ROSEMENE SINCERE,

    Plaintiff,

v.

CASE NO.: 9:25 cv 81274

DELRAY NURSING AND REHAB LLC
d/b/a CASCADES DELRAY SNF,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff, ROSEMENE SINCERE ("Plaintiff"), by and through undersigned counsel, and brings this action against Defendant, DELRAY NURSING AND REHAB LLC d/b/a CASCADES DELRAY SNF, ("Defendant"), pursuant to the whistleblower retaliation provision of the False Claims Act ("FCA"), 31 U.S.C. § 3730(h), and the Florida Private Sector Whistleblower's Act, Fla. Stat. Ch. 448.101-105 ("FWA").

### JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over the FCA claim pursuant to 28 U.S.C. § 1331 and 31 U.S.C. § 3732(a).

2. This Court has supplemental jurisdiction over the state law FWA claim pursuant to 28 U.S.C. § 1367, as it arises from the same common nucleus of operative facts.

3. Venue is proper in the Southern District of Florida because the Defendant conducts business in Palm Beach County, Florida, and the events giving rise to this Complaint occurred within this judicial district.

### PARTIES

4. Plaintiff, ROSEMENE SINCERE ("Plaintiff"), is a citizen of the United States and a resident

of Palm Beach County, Florida.

5. Defendant, DELRAY NURSING AND REHAB LLC d/b/a CASCADES DELRAY SNF ("Defendant"), is a foreign limited liability company authorized to conduct business in Florida and conducts substantial business in Palm Beach County, Florida.

6. At all material times, Defendant regularly submitted or caused to be submitted claims for payment for services to federal healthcare programs, including Medicare and Medicaid.

## GENERAL ALLEGATIONS

7. Plaintiff was employed by Defendant as the facility's licensed Nursing Home Administrator, where she was responsible for ensuring compliance with all applicable state and federal regulations.

8. A Preadmission Screening and Resident Review ("PASRR") is a federally mandated requirement under 42 CFR § 483.106 that must be completed for all new resident admissions to a Medicaid-certified nursing facility to identify individuals with mental illness or intellectual disabilities.

9. Completion of a PASRR is a condition precedent for payment from federal healthcare programs for nursing facility admissions.

10. During the course of her employment, Plaintiff discovered that Defendant had a systemic practice of admitting residents without first completing the required PASRR assessment and/or documentation. An email from Defendant's Medical Records Director on June 2, 2025, listed numerous residents admitted in May and June 2025 with missing PASRRs.

11. Plaintiff understood that by submitting claims for payment on behalf of services for these residents, Defendant was seeking payment for services that were not eligible for reimbursement because the conditions of payment had not been met.

12. Defendant submits its claims for payment to federal payors using the UB-04 Claim Form

(CMS-1450). On one or more occasions, by submitting claims for residents without a valid PASRR, Defendant knowingly or recklessly disregarded the truthfulness of the information contained within the claim form, including the certification that the admission was proper and compliant with federal regulations.

13. Based on these facts, Plaintiff formed a good faith, reasonable belief that Defendant was violating the False Claims Act.

14. On June 3, 2025, Plaintiff sent a written objection to Defendant's management team stating, "We can't continue with this practice. Admitting w/o PASRR is a violation of Rule 59G-1.040/CFR 483.106.".

15. 42 U.S.C.S. § 1396r states in relevant part, "the State must have in effect a preadmission screening program, for making determinations (using any criteria developed under subsection (f)(8)) described in subsection (b)(3)(F) for mentally ill and mentally retarded individuals (as defined in subparagraph (G)) who are admitted to nursing facilities on or after January 1, 1989. The failure of the Secretary to develop minimum criteria under subsection (f)(8) shall not relieve any State of its responsibility to have a preadmission screening program under this subparagraph or to perform resident reviews under subparagraph (B)."

16. F.A.C. 59G-1.040 Preadmission Screening and Resident Review states in relevant part, "(b) The Agency for Health Care Administration delegates the following entities to perform Level I PASRR screens (collectively referred to as the Level I PASRR screeners): [Patients under 21] 2. Florida Department of Elder Affairs' (DOEA) Comprehensive Assessment and Review for Long-Term Care Services (CARES) program for individuals age 21 years and older. The CARES program may only delegate the Level I PASRR screen responsibility to hospital and NF staff who are licensed clinical social workers, physicians, physician assistants, registered

nurses, mental health counselors, psychologists, or persons who hold a Master's Degree in Social Work. (c) The Level I PASRR screen must be completed by the Level I PASRR screener prior to all new admissions to an NF, and within two business days of the request."

17. Plaintiff was investigating concerns she had regarding the defendant's admission of patients and failure to conduct PASSR screening. Plaintiff held a good faith, reasonable belief that the competition of the PASSR was a condition precedent to these Defendants' receipt of Medicaid funding to cover all or portions of patient care.  Plaintiff held a good faith, reasonable belief that Defendant was seeking payment from Medicaid to cover all or portions of these patients' care.

18. This written objection, along with Plaintiff's investigation into the non-compliance, put Defendant on notice that Plaintiff was trying to stop the submission of false claims and that litigation under the False Claims Act was a reasonable possibility.

19. In addition to the PASRR violations, the Plaintiff objected to numerous other law violations, including unsafe staffing levels (59A-4.108 F.A.C.; 59A-36.010 F.A.C.; and Chapter 59A-4), failure to investigate resident neglect (42 CFR § 483.12; § 483.12, F.S.), and hiring employees and credentialing providers without required background checks (Florida Statutes Chapter 413).

20. On June 4, 2025, less than two hours after the Plaintiff sent an email objecting to employees or licensed providers working without a Level II Background Check, the Defendant terminated the Plaintiff's employment.

### COUNT I – FCA PROHIBITED RETALIATION, 31 U.S.C. § 3730(h)

21. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 20 as set forth above.

22. As described above, Plaintiff engaged in lawful acts in furtherance of an FCA action when

she (a) investigated violations of the FCA and (b) internally reported Defendant's practice of submitting claims for payment for residents who were admitted without a required PASRR.

23. Defendant was put on notice that litigation was a reasonable possibility under the FCA as a result of Plaintiff's protected activity.

24. Plaintiff was terminated by the Defendant because of her lawful acts undertaken in furtherance of an FCA action.

WHEREFORE, the Plaintiff, ROSEMENE SINCERE, respectfully requests this Court enter a judgment that Defendant, DELRAY NURSING AND REHAB LLC d/b/a CASCADES DELRAY SNF violated her rights under the False Claims Act and award relief including:

a. Reinstatement of Plaintiff with the same seniority status she would have had but for the retaliation;

b. Two (2) times the amount of back pay, with interest;

c. Compensation for any special damages sustained as a result of the retaliation, including litigation costs, reasonable attorneys' fees, and emotional distress damages; and

d. Any such other relief this Court deems just and proper.

### COUNT II – VIOLATION OF THE FLORIDA PRIVATE SECTOR WHISTLEBLOWER'S ACT ("FWA")

25. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 20 as set forth above.

26. As described above, Plaintiff engaged in protected activity under the FWA when she objected to actual violations of numerous laws, rules, and regulations, including those related to PASRR screening, safe staffing, resident neglect, and mandatory background checks.

27. The Plaintiff was terminated because she engaged in this protected activity.

WHEREFORE, Plaintiff, ROSEMENE SINCERE, demands judgment against the

Defendant for damages and relief as follows:

a. Compensatory damages for lost wages, benefits, and other remuneration;

b. Reinstatement to the same or an equivalent position, or front pay in lieu thereof;

c. An injunction prohibiting any further retaliatory action;

d. Plaintiff's attorneys' fees and costs; and

e. Any such other relief this Court deems just and proper.

## JURY DEMAND

28. The Plaintiff demands a trial by jury on all issues so triable.

Dated this 15th day of October, 2025.

                                      Respectfully submitted,

                                      By: /s/ *Frank M. Malatesta*
                                      FRANK M. MALATESTA, ESQ.
                                      Florida Bar No.: 0097080
                                      MALATESTA LAW OFFICE
                                      871 Venetia Bay Boulevard, Suite 235
                                      Venice, Florida 34285
                                      Telephone No.: (941) 256-3812
                                      Facsimile No.:  (888) 501-3865
                                      Frank@malatestalawoffice.com
                                      Staff@malatestalawoffice.com
                                      *Counsel for Plaintiff*